IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. DLB-21-346 |
| ROBERT RAY, | * | |
| Defendant. | * | |

**MEMORANDUM**

Robert Ray is serving a 72-month sentence in federal prison for possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). He seeks compassionate release from prison. He has not shown he is entitled to this relief.

**I.   Background**

On February 23, 2020, police officers found Ray slumped over the wheel of a vehicle in a parking lot with marijuana in his lap and the odor of phencyclidine ("PCP") coming from the vehicle. A search of the vehicle uncovered a loaded pistol and 9.2 grams of PCP. ECF 31-1. At the time, Ray had previously been convicted of a felony. *Id.* Additionally, on July 23, 2019, Ray was arrested after a fleeing a traffic stop where officers recovered PCP, eutylone, and digital scales from his car and Ray had heroin and fentanyl on him. *Id.* And, on March 10, 2020, an undercover officer purchased PCP from Ray. *Id.*

On June 1, 2022, Ray pled guilty to Counts One and Two of the Superseding Information, which charged him with possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1). ECF 30, 31. On September 21, 2022, Ray was sentenced to 72 months' imprisonment on Count One and a concurrent term of 72 months'

imprisonment on Count Two, for a total term of 72 months' imprisonment, followed by three years of supervised release. ECF 42.

On October 12, 2023, Ray filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) on compassionate release grounds because he believes the Court expected him to receive a 12-month credit for completing the residential drug treatment program but the Bureau of Prisons deemed him ineligible for the program, and because conditions of confinement "were substantially more harsh than intended" due to the pandemic. ECF 46, at 1–2, 7. The Federal Public Defender declined representation. ECF 48. On December 27, 2023, Ray filed a motion to expedite ruling on his motion to reduce his sentence. ECF 49.

Because Ray has not shown extraordinary and compelling reasons for a sentence reduction, his motion for compassionate release is denied. His motion to expedite is denied as moot.

**II.    Discussion**

Generally, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022). However, the First Step Act, enacted in December 2018, permits courts to reduce a prison sentence on a defendant's motion if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); First Step Act, Pub. L. 115-391 § 603(b), 132 Stat. 5239 (2018). If these criteria are met, the court then considers the applicable factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A).

**A.  Extraordinary and Compelling Reasons**

The United States Sentencing Commission's Policy Statement, as amended on November 1, 2023, provides that "extraordinary and compelling reasons" for release exist when (1) the

defendant has a terminal illness or a serious physical or mental health condition that substantially and permanently diminished the defendant's "ability . . . to provide self-care" or that requires "long-term or specialized medical care" that the prison is not providing, or there is or imminently will be an infectious disease outbreak or public health emergency at the facility where the defendant is housed, the defendant is at an increased risk of severe medical complications or death from exposure, and that risk cannot be mitigated; (2) the defendant is at least 65 years old and other criteria are met; (3) "the caregiver of the defendant's minor [or incompetent] child" dies or is incapacitated; the defendant's spouse, registered partner, parent, immediate family member, or other "individual whose relationship with the defendant is similar in kind" is incapacitated and there is no other available caregiver; (4) someone in custody or control of the defendant, while they were serving the sentence they seek to reduce, sexually abused them or caused "serious bodily injury" from physical abuse; (5) "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)"; or (6) the defendant has served at least 10 years of an unusually long sentence. U.S.S.G. § 1B1.13(b)(1)–(6). Under subpart (5), the court has "broad discretion . . . to consider a wide array of extraordinary and compelling justifications for release." *United States v. Brown*, No. JKB-08-cr-415, 2023 WL 8653179, at *2 (D. Md. Dec. 13, 2023); *see also United States v. McCoy*, 981 F.3d 271, 288 (4th Cir. 2020) (noting, before § 1B1.13 was amended, the court makes a discretionary determination of whether extraordinary and compelling reasons justify reduction of a sentence).

Ray argues his inability to earn a 12-month credit and the conditions caused by the pandemic are extraordinary and compelling reasons for a reduction in sentence. They are not.

The Court recommended that Ray participate in the residential drug treatment program or any substance abuse program for which he may be eligible. ECF 42. His ineligibility for the recommended drug treatment program and resulting inability to earn credits through the program does not warrant a reduction in his sentence.

The conditions Ray describes—"cancelled visits & phone access," "increased time locked in cells," and "an end to out-of-cell activities & rehabilitation programs"—are not extraordinary; they are the conditions that most inmates experienced during the pandemic. Moreover, while COVID-19 still poses a health risk, the pandemic has ended. The pandemic and Ray's inability to earn a 12-month credit through the drug treatment program do not warrant a reduction in his sentence.

Ray has not shown an extraordinary and compelling reason for compassionate release.

**B. Section 3553(a) Factors**

Even if Ray had identified extraordinary and compelling reasons for a sentence reduction, the Court would have to consider the applicable factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). The nature of the crime—Ray had a loaded pistol in the center console area of his vehicle after being prohibited from possessing a firearm or ammunition—and Ray's extensive criminal history, including several drug and assault convictions between 2001 and 2019, convince the Court that Ray poses a danger to the community. ECF 36. These factors weigh against a sentence reduction. The Court denies Ray's motion for compassionate release.

## III. Conclusion

Because Ray has not shown extraordinary and compelling reasons for a sentence reduction, his motion for compassionate release is denied.

<u>April 10, 2025</u>  
Date

_____  
Deborah L. Boardman  
United States District Judge

5